IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL HERNANDEZ, on behalf of himself and on behalf of all persons similarly situated known and unknown, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| WOODLAND COMMERCIAL LANDSCAPE, INC. and DANIEL HUBER, individually, | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Manuel Hernandez, by and through his attorneys, Becerra Law Group, LLC, for his complaint against Woodland Commercial Landscape, Inc. and Daniel Huber, individually (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay wages and overtime wages to Plaintiff and a class of similarly situated individuals. Plaintiff also bring claims under the Illinois Prevailing Wage Act, 820 ILCS 130/1 *et seq.* ("IPWA") for Defendants' failure to pay prevailing wages to Plaintiff and a class of similarly situated individuals. (A copy of Plaintiff's consent form to act as representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.)

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Manuel Hernandez resides and is domiciled in this judicial district.

5. Plaintiff Manuel Hernandez is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Manuel Hernandez handled goods that moved in interstate commerce and performed worked on public works projects in the state of Illinois.

6. During the course of his employment, Plaintiff Manuel Hernandez handled goods that moved in interstate commerce and performed non-exempt work.

7. Plaintiff used shovels, rakes, and other tools to perform work for Defendants.

8. Upon information and belief, the shovels and rakes used to perform work for Defendants were manufactured outside of the state of Illinois.

9. Plaintiff's use of shovels and rakes while working as a landscaper for the Defendants and the use of these materials subjects Defendants to enterprise coverage under the FLSA.

10. Plaintiff handled soil, plants, and fertilizer to perform work for Defendants.

11. Upon information and belief, some or all of the soil, plants, and fertilizer used to perform work for Defendants were not manufactured in the state of Illinois.

12. Plaintiff's handling of some or all of the soil, plants, and fertilizer to perform work for Defendants triggers individual coverage under the FLSA.

13. Similarly situated individuals also handled soil, plants, and fertilizer to perform work for Defendants and their handling also triggers individual coverage under the FLSA.

14. Defendant Woodland Commercial Landscape, Inc. ("Woodland"), is an Illinois corporation doing business within this judicial district. Defendant Woodland is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

15. Defendant Woodland is a "contractor" or "subcontractor" awarded a contract for "public works" as defined by Section 2 of the Illinois Prevailing Wage Act, 820 ILCS 130/2.

16. Defendant Woodland was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

17. Defendant Daniel Huber is the President and sole officer of Woodland and is involved in the day-to-day business operation of Woodland. Among other things, Defendant Daniel Huber has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll

3

accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

18. Defendant Daniel Huber was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

19. Defendant Daniel Huber is a "contractor" or "subcontractor" awarded a contract for "public works" as defined by Section 2 of the Illinois Prevailing Wage Act, 820 ILCS 130/2.

20. Defendant Daniel Huber resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

21. Plaintiff worked for Defendants as a landscaper from 2002 until November 2017.

22. Plaintiff was required to work in excess of 40 hours in individual workweeks for Defendants but was not paid the premium rate of one and one-half times his regular rate for hours worked over 40.

23. In the weeks where Plaintiff worked in excess of 40 hours he would receive a payroll check for 40 hours and the remainder of the hours worked would be paid via another check or in cash at his regular rate or a lower hourly rate.

24. Plaintiff was issued check number 255 from the JPMorgan Chase Bank, N.A. account of Dan Huber and Daniel J. Huber Bernick Trust on April 27, 2017 for the overtime hours he had worked in the previous workweek.

25. Plaintiff was issued check number 384 from the JPMorgan Chase Bank, N.A. account of Dan Huber and Elizabeth C. Huber on April 20, 2017 for the overtime hours he had worked in the previous workweek.

26. Other similarly situated employees were also denied overtime wages by Defendants and were issued a second check or paid in cash for the overtime hours at their regular rate or a lower hourly rate.

27. Defendants had a policy and practice of not paying Plaintiff and other similarly situated employees for all time worked.

28. Defendants required Plaintiff and other similarly situated employees to arrive at the "shop" located at 31W524 Diehl Rd., Naperville, Illinois, but would not pay them for the first half hour of work which consisted of loading the trucks and performing other work in the shop.

29. Plaintiff and other similarly situated employees worked on public works projects but were not paid the Illinois prevailing wage for those projects.

30. Plaintiff was assigned to work and did work at the Hanover Park, Illinois Town Hall in May 2016.

31. Plaintiff was not paid for all hours worked and was not paid for overtime for work performed at the Hanover Park Town Hall in May 2016.

32. Defendants had a policy and practice of not paying for overtime work on public works projects.

33. Other similarly situated employees were assigned to public works projects and not paid for all hours and not paid for overtime on those projects.

## COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

34. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and similarly situated employees.

35. Plaintiff and similarly situated employees worked for Defendants and were "employee(s)" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

36. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and were the employers of similarly situated employees.

37. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

38. Similarly situated employees were also not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

39. Plaintiff and similarly situated employees were directed by Defendants to work, and did work, in excess of 40 hours per week.

40. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and similarly situated employees worked in excess of 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

41. Defendants did not compensate Plaintiff and similarly situated employees at a rate of one and one-half times their regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

42. Defendants' failure to pay Plaintiffs and similarly situated employees overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That this Court determine that this case may be maintained as a collective action under the FLSA;

B. A judgment in the amount of one and one-half times the greater of the federal minimum wage rate or Plaintiff and similarly situated employee's regular rate for all time Plaintiffs and similarly situated employees worked in excess of 40 hours per week;

C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby reallege and incorporate paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

43. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

44. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

45. At all relevant times herein, Defendant was Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee(s)" within the meaning of that Act.

46. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

47. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

48. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

49. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

50. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiffs' regular rate for all time which Plaintiffs worked in excess of 40 hours per week;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

51. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff and similarly situated employees for all time worked.

52. During the course of Plaintiff and similarly situated employee's employment with Defendants, Defendants failed to compensate them for all the time they worked bringing their hourly rate below the federal minimum wage rate.

53. Plaintiff and similarly situated employees were entitled to be paid wages for all time worked.

54. Defendants' failure to pay Plaintiff and similarly situated employees for all hours they worked violated the minimum wage hour provisions of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A.    That this Court determine that this case may be maintained as a collective action under the FLSA;

    B.    A judgment in the amount of unpaid wages for all hours that Plaintiffs worked;

    C.    Liquidated damages in an amount equal to the amount of wages for which Plaintiffs are found to be due and owing;

      D.      Reasonable attorneys' fees and costs incurred in filing this action; and

      E.      Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 54 of this Complaint, as if fully set forth herein.

55. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff all of his wages for all time he worked.

56. During the course of his employment with Defendants, Plaintiff was not compensated for all the hours he worked.

57. Plaintiff was entitled to be paid wages for all time worked.

58. Defendants' failure to pay earned wages violated the minimum wage hour provisions of the IMWL.

59. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

      A.      A judgment in the amount of all wages due as provided by the Illinois Minimum Wage Law;

      B.      Prejudgment interest on the wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

      C.      Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT V
## Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 59 of this Complaint, as if fully set forth herein.

60. This count arises from Defendants' violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff and similarly situated employees their earned wages for worked performed at the rate agreed to by the parties.

61. Plaintiff and similarly situated employees were not compensated for all the time they worked.

62. Defendants' failure to pay Plaintiff and similarly situated employees for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  That this Court determine that this case may be maintained as a class action under Rule 23;

B.  A judgment in the amount of all uncompensated wages, as provided by the Illinois Wage Payment and Collection Act;

C.  Prejudgment interest on the uncompensated wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.  Reasonable attorneys' fees and costs of this action as provided by the Illinois Wage Payment and Collection Act; and

E.  Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Prevailing Wage Act

Plaintiff hereby realleges and incorporates paragraphs 1 through 62 of this Complaint, as if fully set forth herein.

63. This Court has supplemental jurisdiction over the matter alleged herein pursuant to U.S.C. § 1367.

64. The matters set forth in this Count arise from Defendants' violation of the prevailing wage provisions of the IPWA (820 ILCS § 130/1, *et seq.*).

65. The Illinois Department of Labor has classified the work performed by Plaintiff and similarly situated employees as meriting a prevailing hourly rate in that locality as set by the Illinois Department of Labor.

66. Defendants were awarded contracts for public works as "contractors" or "subcontractors" and are obligated to pay Plaintiff and similarly situated employees the prevailing rate as wages for work performed on public works projects.

67. Defendants violated the IPWA by refusing to compensate Plaintiff and similarly situated employees the prevailing rate of hourly wages for all work performed on public works projects.

68. Defendants failed to pay any wages for a portion of Plaintiff's work and the work of similarly situated individuals.

69. Pursuant to 820 ILCS 130/11, Plaintiff and similarly situated individuals are entitled to recover the difference between the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent (2%) per month of the amount of any penalty to the State of Illinois.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That this Court determine that this case may be maintained as a class action under Rule 23;

B. A judgment in the amount of the difference between the wages paid and the prevailing wage rage for all labor on public works;

C. Punitive damages pursuant to the formula set forth in 820 ILCS 130/11;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: September 7, 2018          **MANUEL HERNANDEZ**

By: /s/Carlos G. Becerra
One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
332 South Michigan, Suite 1020
Chicago, Illinois 60604
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com